

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIANE M. DAVIS, | § | Case No. 09-42865 |
| | § | (Chapter 13) |
| Debtor. | § | |

## ORDER REGARDING MOTION TO VACATE

On March 31, 2011, this Court entered a Memorandum Opinion and Order regarding the debtor's objections to all of the claims filed in her bankruptcy case. The Order, among other things, required counsel for the debtor to appear and show cause why the Court should not issue sanctions. This matter is before the Court on the counsel's motion to vacate the order to show cause, or, in the alternative, for a continuance of the hearing to show cause.

Counsel filed the motion on May 4, 2011. It is not clear whether counsel is seeking relief under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. The Court, therefore, will review the motion under the less restrictive standards of Rule 59(e). A Rule 59(e) motion should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See, e.g., Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991). In this case, counsel appears to argue that the Court manifestly erred by, among other things, including a "see also" citation to *B-Line, LLC v. Kirkland (In re Kirkland),* 379 B.R. 341, 345 (B.A.P. 10th Cir. 2007) in its Memorandum Opinion.

The Court, having reviewed the motion, finds that its Memorandum Opinion would have been improved by including a more complete legal citation to the opinion of the Bankruptcy Appellate Panel in *Kirkland* that reflects its subsequent history. In addition, it has come to the Court's attention that the debtor listed not eight, but eleven unsecured credit card debts in her original bankruptcy schedules. The debtor, with the exception of these technical misstatements or omissions, has failed to establish grounds to alter, amend or vacate the Court's Memorandum Opinion or the accompanying Order. An objection that a claim does not attach all of the documents required by the Bankruptcy Rules is not a substantive objection to the claim under applicable non-bankruptcy law, and debtor's counsel has failed to show that the Court erred in declining to adopt counsel's analysis of the Bankruptcy Code and Rules. *See, e.g., In re Campbell*, 336 B.R. 430 (B.A.P. 9th Cir. 2005) (rejecting an argument that lack of documentation required by Bankruptcy Rule 3001 is a substantive objection to the claim under 11 U.S.C. § 502(b)(1)). For these reasons and those stated at the hearing on May 12, 2011,

**IT IS ORDERED** that, except as set forth herein, the debtor's motion to vacate or, in the alternative, for a continuance [Dkt. No. 91] is **DENIED**.

Signed on 08/23/2011

*Brenda T. Rhoades*   SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE